Commonwealth of Pennsylvania, Department of Health, by Its Secretary, Dr. Leonard Bachman, Plaintiff *v.* Crown Nursing Home and Mrs. Bertha E. Zweig, Administrator, Defendants.

8

Submitted on briefs June 3, 1976, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Jennifer A. Stiller*, with her *Jeffrey B. Schwartz*, for plaintiff.

*Lawrence S. Rosenwald*, with him *Rosenwald and Pollack*, for defendants.

OPINION BY PRESIDENT JUDGE BOWMAN, August 5, 1976:

By preliminary objections, defendants question the original concurrent jurisdiction of this Court to entertain a complaint by the Pennsylvania Department of Health against defendant nursing home situate in Philadelphia and its Administrator, said complaint seeking injunctive and other equitable relief and brought under the authority of Section 1052 of the Public Welfare Code (Code), Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §1052.

Section 1054 of the Code, 62 P.S. §1054, provides that actions authorized by Section 1052 shall be insti-

tuted in the court of common pleas in the county where the alleged unauthorized activity is committed.

However, Section 401 of the Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.401, affords to the Commonwealth Court original concurrent jurisdiction with the several courts of common pleas over all civil actions or proceedings by the Commonwealth or any officer thereof, with one exception not relevant here. Section 509(f) of the ACJA, 17 P.S. §211.509(f), repeals all acts or parts of acts insofar as inconsistent with the ACJA. The ACJA, being of later enactment than the Code, affords original concurrent jurisdiction in this Court over the cause of action at hand. *Pennsylvania Crime Commission Petitions*, 446 Pa. 152, 285 A.2d 494 (1971); *Commonwealth v. Queen Coal Co.*, 2 Pa. Commonwealth Ct. 28 (1971).

Defendants contend, however, that Section 508(c) of the ACJA, 17 P.S. §211.508(c), demands a different result. This section, dealing with the transfer of jurisdiction from the courts named in enumerated acts of Assembly to the Commonwealth Court, provides in pertinent part:

"The Commonwealth Court shall also have jurisdiction under this subsection over every civil action, proceeding or appeal of whatsoever nature or description of the classes or kinds heretofore entered in the 'Docket of Commonwealth Cases' established by the act of June 26, 1895 (P.L. 315) . . . except any matter involving the interpretation, application, or enforcement of any act of Assembly which expressly vests jurisdiction in the courts of common pleas generally to entertain matters relating to the interpretation, application or enforcement of such act."

Defendants would have us construe the savings clause contained in this subsection of Section 508 as limiting the substantive provisions of Section 401 of

the same statute which addresses itself to both the original *exclusive* jurisdiction of the Commonwealth Court and its original *concurrent* jurisdiction with the several courts of common pleas. This section cannot be construed. The essential purpose of Section 508(c) is to transfer to the jurisdiction of the Commonwealth Court those classes of cases previously heard by the Court of Common Pleas of Dauphin County as the court wherein the seat of State Government is located. In this sense, it might best be characterized as a catch-all transfer of jurisdiction previously enjoyed by the Court of Common Pleas of Dauphin County. The savings clause of this section is not intended to diminish the original jurisdiction of the Commonwealth Court as conferred upon it by Section 401 of the ACJA but rather to preserve in the several courts of common pleas *concurrent* original jurisdiction over the class of cases described in the savings clause. As to this class of cases, including this one wherein the statute in question confers jurisdiction in the court of common pleas of the appropriate venue, their original jurisdiction is preserved, but such original jurisdiction is concurrent with that of the Commonwealth Court.

Because this Court possesses original concurrent jurisdiction over the civil action here in question, defendants' preliminary objections must be overruled.

ORDER

Now, August 5, 1976, defendants' preliminary objections are hereby overruled, and they are directed to answer plaintiff's complaint within thirty (30) days of the date of this Order.