Centennial Bank, Appellant *v.* William E. Whitesell, Secretary of Banking of the Commonwealth of Pennsylvania, Appellee; Federal Deposit Insurance Corporation, Intervening Appellee.

Centennial Bank, Appellant *v.* William E. Whitesell, Secretary of Banking of the Commonwealth of Pennsylvania, Appellee.

Centennial Bank, Petitioner *v.* Commonwealth of Pennsylvania, Department of Banking, Respondent; Federal Deposit Insurance Corporation, Intervening Respondent.

446

Argued April 5, 1977, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Arlen Specter,* with him *Arthur H. Rainey,* and, of counsel, *Dechert, Price & Rhoads,* for appellant.

*Kathleen Herzog Larkin,* Deputy Attorney General, with her *J. Justin Blewitt, Jr.,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

*Arthur R. Littleton,* with him *Thomas W. Murrell, III,* for intervenor.

OPINION BY PRESIDENT JUDGE BOWMAN, June 8, 1977:

A plethora of appeals from orders of the Court of Common Pleas of Philadelphia County and a petition for review in the nature of an original jurisdiction action or, alternatively, in the nature of an administrative agency appeal reflect the jurisdictional uncertainties involved in this litigation and the pragmatic solution by practitioners in applying our new Rules of Appellate Procedure to the dilemma confronting them.

The origin of the controversy is a determination by the Secretary of Banking that Centennial Bank (Centennial), of Philadelphia, was financially unsound. Acting under the authority of Section 504, Department of Banking Code (Code), Act of May 15, 1933, P.L. 565, *as amended,* 71 P.S. §733-504, the Secretary, with the approval of the Attorney General, on October 20, 1976, issued a notice of possession, took possession of and closed Centennial. It reopened the next day following events hereafter referred to. Simultaneously with the issuance of the notice of possession, the Secretary filed in the Court of Common Pleas of Philadelphia County to No. 2479 October Term, 1976, a Certificate of Possession consistent with Section 604 of the Code, 71 P.S. §733-604, which requires such a certificate to be filed ''in the office of the prothonotary.'' This section of the Code and several other sections, particularly Section 605, 71 P.S. §733-605, considered in conjunction with the provisions of the Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.101 et seq., pose the basic jurisdictional issue out of which this complexity of litigation arose.

Numerous procedural irregularities raise other jurisdictional issues and collateral questions.

The record in the appeals consists of pleadings and documents filed and indexed to C.P. Philadelphia Docket No. 2479 October Term, 1976, and transcripts of dialogue by and among counsel and the presiding judge and arguments of counsel. Portions of the record refer to discussions in chambers between the presiding judge and counsel, and there is a transcript of testimony with respect to the sale and transfer of the assets and liabilities of Centennial.

As we reconstruct the events, after counsel for Centennial became aware of the Secretary of Banking taking possession of the bank on October 20, 1976, that same afternoon he presented to Judge ROSENWALD of the Court of Common Pleas of Philadelphia County ''petition for review'' seeking injunctive relief against the Secretary of Banking. The petition was captioned as being a proceeding in the Commonwealth Court of Pennsylvania, and it did not specifically invoke Section 605 of the Code. A conference in chambers ensued at which counsel for interested parties participated. Although it is not clear whether the jurisdiction of the Court of Common Pleas of Philadelphia County to entertain the ''petition for review'' was raised at the chambers conference, the record is clear that on the following morning of October 21, 1976, the court, in session, unequivocally declared that jurisdiction over the subject matter of the ''petition for review'' was not in that court but was exclusively in the Commonwealth Court. We would note parenthetically that on this occasion counsel for the Department expressed the view that the Court of Common Pleas did enjoy jurisdiction over the subject matter of the ''petition for review.'' Unfortunately, there then occurred an important, if not the first, procedural irregularity. No specific written order by the court

dismissing Centennial's petition for review for want of jurisdiction was filed or docketed nor was the ''petition for review'' filed or docketed to any docket number in that court. It is this unrecorded and undocketed order which Centennial asserts is the subject matter of its appeal to this Court to our No. 1975 C.D. 1976. Later that same day the court below was presented with a petition by the Secretary of Banking as receiver of Centennial for approval of the sale of assets and transfer of liabilities to Lincoln Bank and the F.D.I.C. After hearing, the court approved the sale of assets and transfer of liabilities by order dated the same day. Centennial says its appeal to this Court from that order is its appeal docketed to our No. 2014 C.D. 1976. Bryn Mawr Trust Company also appealed the latter order to this Court to our No. 2015 C.D. 1976, but this appeal has since been withdrawn. Our docket Nos. 1 T.D. 1977 and 2 T.D. 1977 reflect transfers to this Court from the Superior Court of Pennsylvania, to which appeals had been taken by Centennial. These appeals appear to be from the same orders of the Court of Common Pleas of Philadelphia County as the appeals to this Court to No. 1975 C.D. 1976 and No. 2014 C.D. 1976. Centennial also filed a petition for review in this Court, which is docketed to our No. 1973 C.D. 1976. The filing of these various appeals and petitions for review precipitated a series of motions and preliminary objections, which we shall consider to the extent necessary.

## The Basic Jurisdictional Issue

The threshold question is whether the Court of Common Pleas of Philadelphia County or this Court enjoys exclusive original jurisdiction over proceedings authorized by Section 605 of the Code. This section provides that any banking institution whose business or property has been taken over by the Secretary may,

at any time within ten days of such action, "apply to the court for an order . . . to show cause why he should not be enjoined from continuing as receiver."

It is Centennial's position that the Philadelphia County Court of Common Pleas in this case enjoyed jurisdiction over such proceedings and that it was the intent of Centennial to invoke this section in its application to that court on the afternoon of October 20, 1976.

It is the position of appellee-respondents that the Commonwealth Court enjoys exclusive original jurisdiction over Section 605 proceedings and that Centennial's attempt to invoke such jurisdiction in its petition for review to our No. 1973 C.D. 1976 was not timely filed as more than ten days had expired since the Secretary became receiver of Centennial. Appellee-respondents would have us reach this result notwithstanding their insistence that the Court of Common Pleas of Philadelphia County enjoys jurisdiction over other proceedings requiring judicial action incident to these receivership proceedings, a jurisdiction the Secretary invoked in filing the Certificate of Possession and in seeking court approval of the sale and transfer of Centennial's assets and liabilities.

In our opinion, courts of common pleas enjoy original jurisdiction over Section 605 Code proceedings and this Court enjoys appellate jurisdiction over such proceedings. It would be unrealistic and illogical to conclude that this Court enjoys exclusive original jurisdiction over Section 605 Code proceedings while common pleas courts enjoy original jurisdiction over all other judicial proceedings under the Code relating to receivership of banking institutions. Nor does a comparative analysis of the Code provisions on this subject and the provisions of the ACJA support the conclusion that appellee-respondents urge.

Prior to enactment of the ACJA, the Code unquestionably conferred upon courts of common pleas ex-

clusive original jurisdiction over all actions of the Department or the Secretary with respect to taking possession of banking institutions and subsequent statutory receivership proceedings. Section 2 of the Code, 71 P.S. §733-2, defines "Court" to mean the court of common pleas of the county of the principal or only place of business of the concerned banking institution or "where an institution of which the Secretary is receiver is concerned, the particular court in which the certificate of possession . . . is filed." As before noted, Section 604 requires the Secretary to file a certificate of possession with the prothonotary of the court, which, in this case, was so filed in the Court of Common Pleas of Philadelphia County, and Section 605 authorizes the banking institution to apply to the court for a rule to show cause why the Secretary should not be enjoined from continuing as receiver. Section 701, 71 P.S. §733-701, provides that the Secretary, when he has taken possession of the business and property of an institution, "shall be responsible to the court in which the certificate of possession is filed, and not to any other court," thereby emphasizing the exclusive and encompassing role of the court of common pleas with respect to receivership proceedings; and Section 709 of the Code, 71 P.S. §733-709, provides that the court in which the certificate of possession is filed "shall sit as a court of equity," which provision sheds light not only upon the basic jurisdictional issue but also upon the nature of the proceedings contemplated by Section 605 of the Code.

Leading to consideration of the ACJA, we also here note that Section 11 of the Code, 71 P.S. §733-11, provided for appeals to the Superior Court or the Supreme Court from orders of common pleas courts with respect to statutory receivership proceedings.

Comparing the provisions of the ACJA affording to the Commonwealth Court both original and appel-

late jurisdiction, we can only conclude that the sole jurisdictional change it effected with respect to possession and receivership proceedings initiated in a court of common pleas by the Secretary of Banking was that of substituting the Commonwealth Court for the Supreme Court or Superior Court in its appellate posture. No provision of the ACJA can possibly support appellee-respondents' contention that jurisdiction over Section 605 Code proceedings has been removed to this Court from common pleas courts, which common pleas courts assertedly retain original jurisdiction over all other judicial proceedings relating to statutory receivership of banking institutions.

It is true, of course, that Section 401(a)(1), ACJA, 17 P.S. §211.401(a)(1), confers original jurisdiction upon the Commonwealth Court in all civil actions or proceedings against the Commonwealth or an officer thereof which by subsection (b) is declared to be exclusive. The seemingly unqualified language of this provision, however, is modified by the provisions of Section 402, ACJA, 17 P.S.§211.402, dealing with the appellate jurisdiction of this Court from orders of common pleas courts. This section confers exclusive appellate jurisdiction upon this Court in all "civil actions or proceedings to which the Commonwealth or any officer thereof . . . is a party." Read together, these sections clearly recognize that original jurisdiction over some classes of civil actions or proceedings involving the Commonwealth or an officer thereof remains in courts of common pleas. The so-called housekeeping provisions of the ACJA (Sections 508 and 509, 17 P.S. §§211.508, 211.509) not only recognize these distinctions but buttress our conclusion in this case. The only specific reference to the Code in the ACJA is found in Section 509(a)(100), 17 P.S. §211. 509(a)(100), which repeals Section 11 of the Code which conferred appellate jurisdiction upon the Su-

preme or Superior Courts. As this Court is specifically afforded appellate jurisdiction with respect to appeals under Section 11 of the Code, it cannot be said that jurisdiction of Section 605 Code proceedings has been taken from courts of common pleas and given to the Commonwealth Court within its exclusive original jurisdiction under Section 401, ACJA. *See generally Department of Health v. Crown Nursing Home,* 26 Pa. Commonwealth Ct. 7, 362 A.2d 491 (1976); *Bethlehem Mines Corp. v. Commonwealth,* 11 Pa. Commonwealth Ct. 375, 313 A.2d 790 (1973).

Having concluded that common pleas courts continue to enjoy original jurisdiction to entertain Section 605 Code proceedings, the Court of Common Pleas of Philadelphia County erred in denying such jurisdiction. Should Centennial then be denied its day in court because of the procedural errors and omissions surrounding this litigation, and are such errors or omissions fatal to all proceedings pending before us?

## No. 1973 C.D. 1976

As before noted, this proceeding is a petition for review filed by Centennial in this Court naming the Department of Banking as respondent. It asserts, in the alternative, that it is a Section 401 ACJA original jurisdiction action in the nature of a complaint in equity, or a Section 403, 17 P.S. §211.403, ACJA proceedings as an appeal from an adjudication of a state administrative agency. Its factual averments recite the events above referred to and also allege a prior agreement between Centennial and the Department relating to the financial rehabilitation of Centennial, all of which was frustrated by the action of the Secretary in taking possession of the bank and the subsequent sale and transfer of its assets and liabilities to Lincoln Bank and F.D.I.C. These actions are asserted to have violated petitioner's contractual

rights, as being violative of the Code and as impairing the constitutional due process rights, both substantively and procedurally, of petitioner and its shareholders. The relief sought would have us direct the Secretary to rescind his notice of possession and set aside the order of the court below in approving the sale and transfer of Centennial's assets and liabilities. Petitioner also seeks a mandatory injunction requiring respondent's approval of the acquisition of Centennial by third parties consistent with the pleaded agreement. The dual nature of the petition produced preliminary objections to the equitable action nature of the petition and motion to quash or dismiss as to the administrative agency review nature of the petition, all of which raise jurisdictional issues necessarily created by the dual nature of the petition and by the other litigation generated in this controversy. To the extent that the petition might arguably be considered a Section 605 Code proceedings within the original jurisdiction of this Court, respondent also asserts its untimely filing. As it was filed well beyond the ten day limitation prescribed by Section 605 of the Code, respondent's objection on this point is well taken if our opinion as to the basic jurisdictional issue is unsound.

To the extent that this petition for review is in the nature of a complaint in equity within our original jurisdiction (Section 401, ACJA), it must be dismissed as there exists an adequate remedy at law in Section 605 of the Code. *See Collegeville Borough v. Philadelphia Suburban Water Co.,* 377 Pa. 636, 105 A.2d 722 (1954). To the extent that this petition is in the nature of an appeal from a state administrative adjudication, it too must fall as Section 605 of the Code, assuming the action of the Secretary constitutes an adjudication, prescribes the procedure and remedy with respect to the action of the Secretary in taking possession of Cen-

tennial and in selling and transferring its assets and liabilities. Where the remedy is adequate, statutory provisions for judicial review of governmental action must be pursued and are exclusive of other remedies. *See generally Friestad v. Travelers Indemnity Co.,* 452 Pa. 417, 306 A.2d 295 (1973).

Finally, as to the petition for review, to the extent that it purports to be an appeal from one or both of the mentioned orders of the Philadelphia County Court of Common Pleas, it must be dismissed as such relief can be afforded only by way of appeal pursuant to Section 402, ACJA, and the Rules of Appellate Procedure applicable to appeals from courts of common pleas.[1]

## No. 1975 C.D. 1976

This is a Section 402 ACJA appeal by Centennial from an order of the Court of Common Pleas of Philadelphia County of October 21, 1976, "entered" to its docket No. 2479 October Term, 1976. Centennial

---

[1] Section 402 ACJA appeals are not within the scope of Chapter 15, Rules of Appellate Procedure, which prescribes a petition for review as the form and manner by which original causes of action are brought in the Commonwealth Court, with certain exceptions, under Section 401, ACJA, and by which appeals are taken to this Court for review of state administrative adjudications under Section 403, ACJA. We would also here note that while the name of the initial pleading is changed to that of a petition for review and that Chapter 15 of the Rules recognizes, under unusual circumstances, the propriety of joining in a single petition for review, Section 401 and Section 403 ACJA proceedings, we do not view these Rules as suspending or affecting existing statutory law or decisional law as to the selection of remedies, the relief that can be afforded with respect to the remedy selected, or the jurisdictional limitations upon a court of equity to entertain a cause of action given the existence of an adequate remedy at law. It is our further opinion that a petition for review asserting both Section 401 and Section 403 ACJA jurisdiction, each assertion separately remains subject to these same considerations when properly raised.

asserts that it is an appeal from the "order" of the court below denying jurisdiction over Centennial's "petition for review," which it asserts was intended to be a Section 605 Code proceedings in that court. By way of motions to dismiss or quash the appeal, respondent-appellees argue that (1) there were no Section 605 Code proceedings properly initiated in the court below as evidenced by the want of any docket entry to that effect or a recorded order concerning the same; (2) the "petition for review" submitted to Judge ROSENWALD, if recognized as having been filed, was not a Section 605 Code proceedings but, in reality, a complaint in equity seeking relief broader than recognized by Section 605 of the Code; (3) in any event, the "petition for review" not having been filed and the want of a written and recorded order, preclude an appeal from any action of the court below concerning the same; and (4) the injunctive relief sought is now supererogatory in light of the later judicial approval of the sale and transfer of Centennial's assets and liabilities, which approval has resulted in irreversible changes of position to Lincoln Bank and F.D.I.C. Also, appellee contends that this particular appeal is a duplication of Centennial's appeal to No. 2014 C.D. 1976.

In our opinion, this particular appeal is not a duplication of Centennial's appeal to No. 2014 C.D. 1976. This appeal asserts it to be one from an order of the court below of October 21, 1976, while the appeal to No. 2014 C.D. 1976 asserts it to be from an order of the same date approving the sale of assets and transfer of liabilities of receiver. Recognizing that the court below unequivocally declared on the morning of October 21, 1976, that it did not enjoy jurisdiction over Centennial's "petition for review" presented to it the preceding day, and on the afternoon of the same day, after hearing, issued its order approving

the sale and transfer of Centennial's assets and liabilities, the first docketed appeal—no matter what may be its other shortcomings—must be considered as an appeal from the action of the court below with respect to Centennial's "petition for review."

Are the multiple procedural errors and deficiencies surrounding Centennial's submission of its "petition for review" to the court below fatal to this appeal and to its attempt, within the framework of Section 605 of the Code, to obtain judicial review of the Secretary's action in taking possession of Centennial? Our review of the record convinces us that judicial review of such action should be allowed. The record is replete with discussion between the court below and counsel and argument of counsel on this jurisdictional issue. It is clear that the court below unequivocally declared it enjoyed no jurisdiction over Centennial's "petition for review." It would also appear that this pleading was in the hands of the court below but inexplainably was not docketed, and it is uncontested that the court below did not issue a written order dismissing it for want of jurisdiction. Centennial's counsel should have corrected or attempted to correct these procedural irregularities before filing the appeal to this Court. It would, therefore, be appropriate for us to dismiss this appeal for want of an appealable order and remand for correction of these errors. However, this would produce yet another appeal in this complexity of litigation and would not lend itself to an orderly determination on the merits. We would also note, so far as the record discloses, the absence of any pleading in the court below on behalf of the Secretary or the Department, which would disclose their objections, if any, to the "petition for review" as being within the scope of a Section 605 Code proceedings. Thus, arguments advanced by appellee here as to the nature of the petition for review and wheth-

er it could or could not properly be considered a Section 605 Code proceedings regardless of its caption or the relief sought was not formally raised below. The opinion of the lower court supporting its action in refusing to entertain the petition for review is directed solely to the basic jurisdictional issue.

Nor do we believe that the judicial approval of the sale and transfer of Centennial's assets and liabilities that same day should bar a Section 605 Code proceedings. As a result of such approval, Lincoln Bank and F.D.I.C. have unquestionably changed their positions in fulfillment of the agreement upon which the court approval was obtained. Nor can it be gainsaid that the Secretary acted in a fashion he considered to be in the best interests of the creditors, depositors and shareholders of Centennial. He did so, however, with full knowledge that his right to possession of Centennial was being contested, albeit with the basic jurisdictional issue in doubt, and at a time when his counsel appeared to be of the view that the court of common pleas did enjoy jurisdiction over Centennial's "petition for review" when the issue was raised sua sponte by the court below. This should have warned the Secretary to proceed with caution, notwithstanding his desire to preserve confidence in the banking system of Pennsylvania in general and his view that he was acting in the best interests of the creditors, depositors and shareholders of Centennial in particular.

This proceeding must be remanded to the court below for the purpose of conducting a Section 605 Code proceedings based upon Centennial's petition for review but within the scope of issues which may be raised by such proceedings and the relief available.

### No. 2014 C.D. 1976

As noted above, this particular appeal is from the order of the court below of October 21, 1976, approving

the sale and transfer of the assets and liabilities of Centennial to Lincoln Bank and F.D.I.C. upon the petition of the Secretary. The order in question was issued after notice of hearing and an evidentiary hearing thereon. Although counsel for Centennial was notified of this hearing, it did not appear or participate in the proceedings. As to this appeal, the Secretary and F.D.I.C., as intervening appellee, argue that it should be dismissed as Centennial has preserved no issues on appeal by reason of its failure to appear or participate in the hearing below. Again we are plagued by a procedural shortcoming, inasmuch as neither the Secretary nor the F.D.I.C. has raised this issue by a motion to dismiss. Pa. R.A.P. 1972. *See also* Pa. R.A.P. 2116(c) and Pa. R.A.P. 2118(e) as to appellant's responsibilities. As such procedural errors and shortfalls are the rule rather than the exception in these cases, we shall consider this contention as though such a motion had been filed. We must agree with appellee and accordingly will dismiss this appeal. Pa. R.A.P. 302; *Commonwealth v. Piper,* 458 Pa. 307, 328 A.2d 845 (1974); *Stine v. Department of Transportation,* 26 Pa. Commonwealth Ct. 292, 364 A.2d 745 (1976). In doing so, however, we do not pass upon the merits nor shall this dismissal be considered as affecting or limiting the power and authority of the court below to afford such equitable relief as may be appropriate in the remand of proceedings to our docket No. 1975 C.D. 1976 and, if necessary, to set aside its approval of the sale and transfer of Centennial's assets and liabilities if the circumstances so require.

## No. 22 C.D. 1977

An independent but related issue is raised by this appeal, and its subject matter demonstrates the continuing reliance by the Secretary on the jurisdiction of the Court of Common Pleas with respect to the re-

ceivership of Centennial, notwithstanding his contention that this Court and not the court below enjoys original jurisdiction over Section 605 Code proceedings.

This appeal is by Centennial from an order of the court below dated December 9, 1976, issued after hearing upon the petition of the Secretary to restrain former counsel of Centennial from turning over its Centennial files to new counsel, requiring such files to be delivered to the Secretary as receiver of Centennial but with the right of former counsel to retain copies subject to nondisclosure to any person, including new counsel for Centennial, without prior approval of the Secretary or order of court.

This proceeding and the resulting court order are predicated upon the Code provisions denominating the Secretary as receiver of any banking institution over which he has taken possession and other provisions of the Code giving him wide powers as to such a receivership. The record discloses that the hearing before the court below proceeded upon the premise that none of the sundry appeals and petition for review mentioned above raised or preserved the basic jurisdictional issue we have decided and that none of them impinged upon the power of the court below to act upon the petition, notwithstanding the appeals. Pa. R.A.P. 1701(a), (b)(1). Although this proceeding was conducted and concluded upon an erroneous assumption that no proceedings in this Court preserved the basic jurisdictional issue, we nevertheless affirm this order of the lower court for the reason that new counsel for Centennial has not, consistent with the order of December 9, 1976, sought leave of court for particular documents formerly in the files of Centennial's prior counsel. Absent such a request and its refusal, Centennial as an entity apart from the Secretary as its receiver, and those persons formerly or presently

identified with it as shareholders, directors and former officers or employees, cannot appeal from said order. To this extent, it is an interlocutory order.

If in the proceedings we herewith remand to the court below, new counsel for Centennial is of the opinion that any documents in the files of its former counsel or in the possession of the Secretary are needed and relevant to the remand proceedings, it should seek them as so provided in the order of the court below.

No. 1 T.D. 1977
No. 2 T.D. 1977

As before noted, these proceedings are transfers from the Superior Court of the same nature and raising the same issues as proceedings docketed to our No. 1975 C.D. 1976 and No. 2014 C.D. 1976. To clear the record, they will be dismissed as duplications of other proceedings in this Court.

ORDER

Now, June 8, 1977, consistent with the foregoing opinion, it is hereby ordered as follows:

1. Proceedings to our docket No. 1 T.D. 1977 and No. 2 T.D. 1977 are hereby dismissed.

2. The proceedings to our docket No. 1973 C.D. 1976 is hereby dismissed.

3. The order of the court below which is the subject of the appeal to our docket No. 22 C.D. 1977 is hereby affirmed.

4. The order of the court below of October 21, 1976, which is the subject of the appeal to our docket No. 2014 C.D. 1976 is hereby affirmed, subject to the caveat set forth in that portion of the opinion with respect to this appeal.

5. The unrecorded order of the court below of October 21, 1976, concluding that said court is without jurisdiction to entertain proceedings pursuant to Sec-

tion 605, Department of Banking Code, 71 P.S. §733-605, is hereby reversed and the matter is remanded to the court below for the purpose of entertaining and conducting a hearing on Centennial's "petition for review" submitted to the court below but limited to the scope of issues permitted to be raised by Section 605 of said Code and available to a banking institution over which the Secretary of Banking has taken possession pursuant to Section 504, Department of Banking Code, 71 P.S. §733-504.

The parties to bear their respective costs.