INA Life Insurance Company, Petitioner v. Commonwealth of Pennsylvania, Insurance Department and William J. Sheppard, Insurance Commissioner, Respondents.

Argued June 7, 1977, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate in the decision.

*S. Walter Foulkrod, III,* with him *Pepper, Hamilton & Scheetz,* for petitioner.

*Barbara Anne Brown,* Assistant Attorney General, with her *John H. Isom,* Assistant Attorney General, *Guy J. DePasquale,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondents.

OPINION BY PRESIDENT JUDGE BOWMAN, August 11, 1977:

INA Life Insurance Company (INA) submitted for approval to the Insurance Department (Department) three policy forms offering double indemnity accidental death benefits that it planned to offer as riders to its standard life insurance policies.[1] Included

---

[1] Section 354 of The Insurance Company Law of 1921 (Act), Act of May 17, 1921, P.L. 682, added by Act of June 23, 1931, P.L. 904, *as amended,* 40 P.S. §477b, requires approval of the Insurance Commissioner prior to the marketing of such a rider and provides a right

in the proposed riders was the following limitation or condition:

> INDEMNITY. If the Insured sustains an accidental bodily injury while insured under this policy which results, directly and independently of all other causes *and within 365 days of the accident causing such injury,* in the Insured's death, the Company agrees to pay . . . upon receipt at its Administrative Office of satisfactory proof of death, the amount of Accident Indemnity. (Emphasis added.)[2]

A Department rate and policy examiner rejected these riders on the ground, *inter alia,* that said 365 day limitation conflicted with a statement of policy issued by the Insurance Commissioner (Commissioner) in conjunction with proposed regulations appearing at 4 Pa. B. 1924 (September 7, 1974). Said statement of policy provided, in pertinent part:

> The Pennsylvania Supreme Court, in Burne v. Franklin Life Insurance Company, 451 Pa. 218, 301 A.2d 799 (1973), held that a policy provision that accidental death benefits would be payable only if death occurred within 90 days from the date of the accident was contrary to public policy and unenforceable. The Court further held that such provision was not applicable where there was no dispute as to the cause of death. The Court's opinion also contained dicta against any time period limitation restricting recovery of accidental death benefits where death is caused by accident.

---

of appeal to this Court pursuant to the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.1 et seq. *See also* Section 616 of the Act, 40 P.S. §751.

[2] Insignificant differences among the three forms are not indicated.

In response to the request of the Insurance Commissioner, the Attorney General issued an opinion on April 26, 1974, Pa. B. 962, May 11, 1974, [Atty. Gen. Op. No. 22] that the Insurance Commissioner may disapprove any policies 'which purport to cut off accidental death benefits by any arbitrary time limit'.

INA and the Department subsequently entered into a stipulation of facts and, INA having waived the hearing it had previously requested, the matter was submitted on briefs to a hearing officer. On December 30, 1976,. the Commissioner entered an order and adjudication affirming the disapproval of the proposed riders upon the authority of *Burne* and Atty. Gen. Op. No. 22.

Thereafter, INA, by a petition for review, invoked our original jurisdiction in the nature of a complaint in equity under Section 401, Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401, and sought judicial review of the adjudication of the Commissioner pursuant to Section 403, ACJA, 17 P.S. §211.403. Preliminary objections in the nature of a demurrer and questioning this Court's jurisdiction in equity were then filed, which, in our view, must be considered as directed solely to the ACJA Section 401 assertion of INA's petition for review. *Centennial Bank v. Whitesell,* 30 Pa. Commonwealth Ct. 445 n. 1, 375 A.2d 1333 n. 1 (1977).

A court of equity will not invoke its jurisdiction where there exists an adequate remedy at law which has not been exhausted. *Friestad v. Travelers Indemnity Co.,* 452 Pa. 417, 306 A.2d 295 (1973); *Pennsylvania Life Insurance Co. v. Pennsylvania National Life Insurance Co.,* 417 Pa. 168, 208 A.2d 780 (1965). The Administrative Agency Law, *supra* note 1, affords

such a remedy, and the facts of this case are not such as to justify a departure from this sound limitation on equity's jurisdiction. We, therefore, sustain the preliminary objection to that portion of the petition for review in the nature of a complaint in equity invoking our original jurisdiction and, to that extent, the petition for review is dismissed.

We turn next to that portion of the petition for review framed as a Section 403 ACJA appeal from an adjudication[3] of the Commissioner.

INA argues first that it was denied due process of law because the proposed regulations accompanying the above quoted statement of policy were never, in fact, adopted, and because the Commissioner relied in his adjudication upon authority other than that relied upon by the Department's rate and policy examiner. This argument is patently without merit. Section 354 of the Act, 40 P.S. §477b, requires approval by the *Commissioner* of proposed policies, riders, etc., and it is from an adjudication of the *Commissioner* that an appeal lies. There is no authority for the proposition that the Commissioner is bound in his adjudications by the decisions and reasoning of a subordinate. In the context of an appeal from an adjudication of the Commissioner the decision and reasoning of a rate examiner are of no moment.[4]

INA next argues that the provisions of 45 Pa. C.S. §1101 et seq. (Commonwealth Documents Law) were violated because the Commissioner relied in his determination upon proposed regulations never formally

---

[3] Section 2(a) of the Administrative Agency Law, 71 P.S. §1710.2 (a).

[4] We note only in passing that the Commissioner and the examiner did in fact rely upon identical authority and merely referenced them differently. A cursory reading of the record would reveal as much.

processed and adopted. This too is without merit as the proposed regulations in question played no role in the Commissioner's determination. Rather, the Commissioner relied specifically upon *Burne* and Atty. Gen. Op. No. 22. The statement of policy, which INA also claims to have been erroneously relied upon, did no more than take cognizance of and interpret these decisions by which the Commissioner was bound, *see Townsend Trust*, 349 Pa. 162, 36 A.2d 438 (1944), and such a statement is specifically authorized by 45 Pa. C.S. §1101(13). Being merely interpretive, and not an exercise in delegated lawmaking power, the statement of policy was, in any event, exempt from the procedural provisions of 45 Pa. C.S. §1101 et seq. *Pennsylvania Human Relations Commission v. Norristown Area School District*, 20 Pa. Commonwealth Ct. 555, 342 A.2d 464 (1975).

The ultimate issue in these proceedings is whether the pronouncement of *Burne* represents an absolute ban upon provisions in accidental death insurance policies which require, as a prerequisite to payment of benefits, that the insured die within a given period of time following the accident, or whether it is to be narrowly construed as limited to its facts. In *Burne,* the insured was struck by an automobile and suffered fatal injuries. By heroic medical efforts, he was nevertheless kept alive for four and one-half years. The insured's accidental death policies contained a time limitation identical in all significant respects to the proposed riders in question here, except the time limitation in *Burne* required death within 90 days in lieu of 365 days.

Pointing out that there was no dispute as to the cause of death, the Court, through Justice ROBERTS, held that the 90 day limit was inapplicable and would not be enforced as ''[i]t is well settled that if a pro-

vision in an insurance policy cannot reasonably be applied to a certain factual situation it should be disregarded." *Burne, supra,* 451 Pa. at 224, 301 A.2d at 802.[5]

In *Burne,* the Court was not called upon to decide the *inherent validity* of a provision such as the one before us today. Rather, it was faced with a clearly delineated set of facts and with a dispute readily resolved by application of the legal principle quoted above. Such is not the situation in the case at bar as we are called upon to decide whether the inclusion in an accidental death policy of a provision requiring the death of the insured by a specific date as a prerequisite to the payment of benefits is in and of itself, regardless of subsequent application, void as against public policy.

In this light, it is significant that before reaching its narrow holding, the Supreme Court carefully and thoroughly analyzed those considerations of public policy offended by an insurance policy provision mandating death by a specific date. Having noted that the medical profession has advanced to the stage at which it may keep people alive for indeterminate periods through mechanical devices although death is inevitable, the Court went on to say that a contrary result would be

a gruesome paradox indeed — it would permit double indemnity recovery for the death of an accident victim who dies instantly or within ninety days of an accident, but would deny such recovery for the death of an accident victim who endures the agony of prolonged illness, suffers longer, and necessitates greater expense by his family in hopes of sustaining life even momen-

---

[5] *Accord, Karl v. New York Life Insurance Co.,* 139 N.J. Super. 318, 353 A.2d 564 (Law Div. 1976).

tarily beyond the ninety day period. To predicate liability under a life insurance policy upon death occurring only on or prior to a specific date, while denying policy recovery if death occurs after that fixed date, offends the basic concepts and fundamental objectives of life insurance and is contrary to public policy . . . .

[A]nguish ought not to be aggravated in cases of this kind with concerns of whether the moment of death permits or defeats the double indemnity claim. So too, the decisions as to what medical treatment should be accorded an accident victim should be unhampered by considerations which might have a tendency to encourage something less than the maximum medical care on penalty of financial loss if such care succeeds in extending life beyond the 90th day. All such factors should, wherever possible, be removed from the antiseptic halls of the hospital. Rejection of the arbitrary ninety day provision does exactly that.

*Burne, supra,* 451 Pa. at 222-23, 301 A.2d at 801-02.

This reasoning extends well beyond the factual perimeters of *Burne,* is no less applicable to a 365 day limitation as to a 90 day limitation, and is controlling here.

INA's contention that such a time limit is necessary to protect it from having to pay benefits on doubtful claims ignores the fact that in all instances when a claim is filed, it is the claimant's burden to prove entitlement to benefits. If the passage of time obscures the cause of death, the claimant's burden becomes all the heavier.

However desirable it might be for an insurer, as a practical matter, to avoid this problem by denying benefits to those insureds who survive the time limi-

tation attached to this type of coverage but who die as a direct result of accidental bodily injury independent of all other causes, we view any such time limitation as violative of public policy within the pronouncement of *Burne.* We shall not reverse the Commissioner. *Insurance Department v. Ciervo,* 24 Pa. Commonwealth Ct. 29, 353 A.2d 900 (1976); *Insurance Department v. Equitable Beneficial Mutual Life Insurance Co.,* 20 Pa. Commonwealth Ct. 10, 339 A.2d 901 (1975).

Judge KRAMER did not participate in the decision in this case.

ORDER

Now, August 11, 1977, it is hereby ordered as follows:

1. To the extent the petition for review invokes the original jurisdiction of this Court in equity, it is dismissed.

2. The order of the Insurance Commissioner is hereby affirmed.