Life Insurance Company of North America, Petitioner *v.* Commonwealth of Pennsylvania, Insurance Department and William J. Sheppard, Insurance Commissioner, Respondents.

Argued March 7, 1979, before President Judge BOWMAN and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, DiSALLE and MacPHAIL. Judges CRUMLISH, JR. and CRAIG did not participate.

*S. Walter Foulkrod, III,* with him *Foulkrod, Peters & Frank,* for petitioner.

*Barbara Anne Brown,* Assistant Attorney General, with her *Gerald R. Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, June 7, 1979:

The Life Insurance Company of North America (petitioner) seeks review here of an adjudication and order of the Insurance Commissioner (Commissioner) rejecting its application for approval of two policy forms for group long-term salary-continuance insurance. The rejection was ordered because these forms contained an unacceptable preexisting-conditions exclusion, and the petitioner contends that the Commissioner's disapproval was (1) contrary to legislative intent, (2) arbitrary and capricious, and (3) violative of equal protection and due process.

The preexisting-conditions exclusion is that:

'Sickness' as used herein means sickness or disease which causes total disability, as defined herein, which commences while the policy is in force as to the Individual except that the policy does not cover any period of total disability which commences during the first 365 days the Individual is insured hereunder if such total disability is caused by or results from any condition existing prior to the effective date of individual insurance, unless immediately prior to the commencement of such disability a period of at least 365 consecutive days has elapsed

during which the individual has received no medical treatment or advice for such condition.

The Commissioner found as a fact, based on competent expert testimony, that exclusionary clauses for pre-existing conditions are designed for individual and not group policies, because the chances of adverse selection in a group policy are minimal. He also found that the petitioner had not presented evidence which demonstrated a need for such an exclusionary clause in its group policy. He concluded, therefore, that the forms violated Section 621.2 of The Insurance Company Law of 1921 (Law),[1] which makes no provision for exclusionary clauses for preexisting conditions in group policies.

The petitioner argues that the Commissioner's ruling is contrary to the intent of the legislature because, while the legislature has acted to restrict and regulate the use of such exclusionary clauses in *individual* policies, it has not legislated concerning their use in *group* policies. The petitioner asserts, therefore, that the legislature did not intend to regulate or restrict the use of preexisting-conditions exclusionary clauses in group policies.

On his part, the Commissioner asserts a more plausible explanation for the legislature's silence on this point is in the statements of experts and texts on the subject of group insurance that an exclusion for preexisting conditions is generally inconsistent with the standard theory of group underwriting, which is that the insured group will have a normal and predictable morbidity because it is not formed for the purpose of obtaining insurance, and it is not likely that one would join an insurable group merely to ob-

---

[1] Act of May 17, 1921, P.L. 682, *as amended,* added by Act of Dec. 9, 1955, P.L. 807, *as amended,* 40 P.S. §756.2.

tain insurance. Consequently, in group policies, "[i]t is normal to include coverage for pre-existing conditions which cause disabilities during the term. On a group basis the insurer is able to cover pre-existing conditions because unusual adverse selection is prevented." D. McCahan, Accident and Sickness Insurance 797 (1954). We believe, as argued by the Commissioner, that the legislature did not speak to such exclusionary clauses in group policies because it did not contemplate their application in the group-policy context. Moreover, as the Commissioner points out, the Insurance Department has recognized and applied the prevailing group-policy theory in its interpretation of Section 621.2 of the Law, and its administrative interpretations are evidence as to the meaning of the statute. *See* Statutory Construction Act of 1972, 1 Pa. C.S. §1921(c).

The petitioner further insists that the Commissioner's disapproval was arbitrary and capricious in that it ignored the commercial necessity for preexisting-conditions exclusions in group long-term salary-continuance policies. Our review of the record, however, convinces us that the Commissioner was correct when he found that the petitioner had not demonstrated any need for such an exclusionary clause. Although the petitioner did present some testimony and data suggesting that a preexisting-conditions exclusion would constitute a desirable abuse control, the Commissioner found the evidence weak in credibility and inconclusive, and questions as to weight and credibility of evidence, of course, are for the Commissioner to resolve. *Sheppard v. Old Republic Life Insurance Co.,* 21 Pa. Commonwealth Ct. 360, 346 A.2d 383 (1975). As to the fact that the Commissioner had previously proposed a regulation allowing a 90-day preexisting-condition exclusionary clause in group policies under

certain conditions,[2] we again see no grounds for the petitioner's complaint. In the first place, the regulation as proposed was never adopted; and in the second place, the subject forms would not have conformed to the proposed regulation[3] if it had actually been adopted.

The petitioner raises finally what is essentially an equal protection issue, arguing that it has suffered discrimination because a number of its competitiors in the state presently offer group accident and health policies containing a 365-day preexisting-condition exclusion, and the Commissioner has not acted to withdraw approval as to their policy forms, so that the Commissioner in this case has put the petitioner at a competitive disadvantage. The Commissioner concedes this state of affairs is possible, but explains that there was a period of time between 1972 and 1974 when the Department of Insurance did not require prior approval of group accident and health policies, and that some group policies with preexisting-conditions exclusions may have then been accepted. Since then, however, the department has not approved any such policies. While, therefore, the petitioner may now be at a disadvantage vis-a-vis some of its competitors, we are not prepared to hold that the Commissioner's disapproval of the forms here concerned rises to the level of deprivation of the petitioner's right of equal protection. Clearly, the Commissioner has the discretion

---

[2] The petitioner also argues in this connection that the department hearing examiner improperly based his decision on this regulation, which was proposed but never adopted. We note, however, that the adjudication of the Commissioner was expressly not based on the proposed regulation; and, of course, the Commissioner is not bound by the reasoning of his subordinates. *INA Life Insurance Co. v. Insurance Department*, 31 Pa. Commonwealth Ct. 416, 376 A.2d 670 (1977).

[3] *See* 5 Pa. B. 3351-52.

to disapprove the forms and we do not think that this statutory discretion is limited because some insurance companies have existing policies that would not be acceptable were they to be now submitted for approval. The concept of equal protection does not require that the Commissioner attack a problem all at once or not at all.[4]

As to the petitioner's argument that to permit pre-existing-conditions exclusions in individual policies but not in group policies is a scheme not reasonably related to the goals of insurance regulation, we must note that the evidence is plainly to the contrary, and we must therefore reject this contention as being without merit.

The order of the Commissioner is therefore affirmed.

ORDER

AND Now, this 7th day of June, 1979, the order of the Insurance Commissioner in the above-captioned matter is hereby affirmed.

---

[4] *Cf. Moog Industries, Inc. v. Federal Trade Commission,* 355 U.S. 411 (1958) ; *United States v. Wabash R.R.,* 321 U.S. 403 (1944).