## Moore v. Hartford Accident & Indemnity Company

*Francis J. Carey,* for plaintiff.
*John E. Kunz,* for defendant.

FINKELHOR, *J.,* November 18, 1981 — Both plaintiff James Moore and defendant Hartford Accident and Indemnity Company have filed cross motions for judgment on the pleading submitted in this action to recover insurance benefits for loss of a limb. The complaint in trepass and assumpsit alleges a breach of the insurance contract and bad faith denial of the insurance claim.[1] The issue is whether a time limitation, set forth in the contract to limit recovery to losses in which the amputation

_____
1. Preliminary objections were sustained by Del Sole, J., to the trespass claim — paragraphs 12-18 of the complaint.

occurs within 365 days from the date of the accident, is contrary to public policy.

This action arises from an accident on August 4, 1977, in which plaintiff, while carrying out his duties as a volunteer fireman, fell from a nine-story building and suffered severe injuries to his right leg. In an attempt to restore the leg, plaintiff underwent 15 operations without success and, on May 30, 1979, plaintiff's right leg was amputated.

At the time of the accident, plaintiff was insured under a group health and accident insurance policy issued by the defendant to the Whitehall Fire Company Relief Association. Under the terms of the policy, the insured is entitled to dismemberment benefits amounting to $25,000 for the loss of a limb, provided that the loss takes place within 365 days of the accident.

The policy specifically states as follows:

"If injury of an insured person, who belongs to a class of insured persons for which the policy provides coverage under this benefit, results in one of the following losses within 365 days after the date of the accident, the company will pay the sum shown below for that loss. . . The term 'loss' as used herein will mean . . . with regard to arm or leg, complete severance through or above the elbow or above the elbow or knee joint; . . . "

The determination of a motion for judgment on the pleadings is made solely on the basis of the complaint, answer and new matter and all of the non-movant's well-pleaded facts must be accepted as true: Rice v. Rice, 468 Pa. 1, 359 A. 2d 782 (1976). Judgment on the pleadings may be granted only when a case is free from doubt and a trial would be fruitless, Kroiz v. Blumenfeld, 229 Pa. Superior Ct. 194, 323 A. 2d 339 (1974) and is proper

where the dispute involves the interpretation of an insurance contract: Stewart v. American Motorists Ins. Co., 51 D. & C. 2d 601 (1971).

It is defendant's position that the policy is unambiguous and that the amputation occurred after the 365 day period. Plaintiff was injured August 4, 1977, and the amputation occurred May 30, 1979.

It is plaintiff's position that the 365 day limitation on recovery is void and contrary to public policy.

Although "[i]nsurance is a matter of contract, not sympathy; and equitable considerations generally are not considered sufficient to overcome the contractual provisions of [the] policy," 13 Appleman, Ins. Law & Practice § 7386, the provision may not violate public policy. While contracts of insurance are governed by the same legal principles as any other contract, insurance companies, unlike other private contracting parties, are held to a "broader legal responsibility." 12 Appleman, Ins. Law & Practice § 7004.

The impact of this broader legal standard is a reflection of public policy considerations that surround insurance transactions. Pennsylvania courts have been particularly sensitive to the public interest when contracts involve health and safety: Boyd v. Smith, 372 Pa. 306, 94 A. 2d 44 (1953).

While there are no Pennsylvania cases on the validity of a time limitation on a dismemberment provision, appellate courts have scrutinized clauses in insurance policies, similar to the one at issue.

In Burne v. Franklin Life Ins. Co., 451 Pa. 218, 222, 301 A. 2d 799, 802 (1973), the court struck down a 90-day limitation on death benefits and stated:

"The result reached by the trial court presents a

gruesome paradox indeed — it would permit double indemnity recovery for the death of an accident victim who dies instantly or within ninety days of an accident, but would deny such recovery for the death of an accident victim who endures the agony of prolonged illness, suffers longer, and necessitates greater expense by his family in hopes of sustaining life even momentarily beyond the ninety day period. To predicate liability under a life insurance policy upon death occurring only or prior to a specific date, while denying policy recovery if death occurs after that fixed date, offends the basic concepts and fundamental objectives of life insurance and is contrary to public policy. Hence, the ninety day limitation is unenforceable."[2]

While defendant has cited cases from other jurisdictions where time limitations have been upheld on dismemberment benefits, Travelers Ins. Co. v. Pratt, 130 Ga.App. 331, 203 S.E. 2d 302 (1973); Shelton v. Equitable Life, 28 Ill.App. 2d 461, 171 N.E. 2d 787 (1961); Cornellier v. American Casualty, 389 F. 2d 641 (2d Cir. 1968), these results are not compatible with existing Pennsylania law.

The instant controversy does not involve timely notice of the claim but, in the same manner as the "death" cases, can influence the course of medical treatment. We understand the concern of defendant to protect against spurious claims, unrelated to the accident, but the burden of establishing causation remains with plaintiff.

In matters affecting life and limb, public policy in this Commonwealth is opposed to influencing med-

---

2. See also INA Life Ins. Co. v. Cmwlth. of Pa., 31 Pa. Commonwealth Ct. 416, 376 A. 2d 670 (1977); Westenhover v. Life & Cas. Ins. Co., 27 So. 2d 391 (1946); Interstate Life & Accident Co. v. Waters, 56 So. 2d 493 (1952).

ical decisions by time limitations of insurance coverage.

As both parties agree there are no factual disputes and as the prayer for punitive damages was dismissed on preliminary objections, defendant's motion for judgment on the pleadings is denied and plaintiff's motion for judgment is granted.

## ORDER

And now, December 1, 1981 the order of this court issued November 18, 1981 is vacated and the following order shall govern these proceedings to be effective November 18, 1981: upon the cross motions of plaintiff and defendant for judgment on the pleadings and after full consideration of the briefs and arguments of counsel, it is hereby ordered, adjudged and decreed that defendant's motion is denied and plaintiff's motion is granted.

It is further ordered that the prothonotary of this court enter judgment in favor of plaintiff in the amount of $25,000, plus legal interest from the date of the claim.