Thomas DiAmico, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued September 11, 1973, before Judges CRUM-LISH, JR., MENCER and BLATT, sitting as a panel of three.

*David Freeman,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 17, 1973:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) denying Claimant-Appellant benefits.

Appellant was employed by Henkel & McCoy, Inc., as a ditch digger and truck driver for six years. On Saturday, October 30, 1971, Appellant injured his back in an accident at his home, and did not report to work until the following Wednesday, which was November 3, 1971, when he was discharged for failing to report his inability to work. This was a violation of an established house rule.

Appellant filed a claim for unemployment compensation benefits and it was denied in turn by the Bureau of Employment Security, the Referee and the Board.

Appellant now brings the Board on appeal to this Court.

Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. §802(e), provides, in part, that an employee shall be ineligible for compensation for any week: "(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

Although "willful misconduct" was not defined by the Legislature it has been previously and consistently determined that deliberate violation of employer's rules meets the meaning of that phrase. *Harmer Unemployment Compensation Case*, 206 Pa. Superior Ct. 270, 213 A. 2d 221 (1965); *Curran Unemployment Compensation Case*, 181 Pa. Superior Ct. 578, 124 A. 2d 404 (1956).

In the case at hand, Appellant admits he was aware of his employer's rule which required all employees to notify it when each was unable to report for work. Appellant argues, however, that his injury (back), prevented him from leaving his bed to telephone his employer, and that his wife did not give the employer the required notice because she ". . . doesn't like to call."

Under the facts as we have reviewed them, the determination of the Board is supported by the evidence and Appellant's arguments contra are without merit.

Accordingly,

ORDER

AND NOW, this 17th day of October, 1973, the Order of the Unemployment Compensation Board of Review dated August 3, 1972, is affirmed.