Bethlehem Mines Corporation, Petitioner, *v.* Commonwealth of Pennsylvania, Maurice K. Goddard, Secretary of the Department of Environmental Resources, Commonwealth of Pennsylvania, and Robert Broughton, Paul E. Waters and Gerald H. Goldberg, individually and as members of the Environmental Hearing Board, Department of Environmental Resources, Commonwealth of Pennsylvania, Respondents.

Submitted on briefs to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

376

*Harold R. Schmidt, Henry McC. Ingram, Lawrence A. Demase, Philip C. Wolf,* and *Rose, Schmidt and Dixon,* for petitioner.

*Marvin A. Fein,* Assistant Attorney General, and *Barbara H. Brandon,* Assistant Attorney General, for respondents.

OPINION BY PRESIDENT JUDGE BOWMAN, December 28, 1973:

This case arises from a petition for a writ of prohibition filed in this Court by Bethlehem Mines Corporation (BMC) against the Department of Environmental Resources (DER).

The sole issue to be decided is whether or not this Court has the power and authority to issue a writ of prohibition. The writ of prohibition is an extraordinary prerogative writ derived from the English high courts and statutorily granted to the Supreme Court of Pennsylvania by the Act of May 22, 1722, 1 Sim. P. L. 131. The issuance of the writ is designed to prevent the unauthorized exercise of a lower court's jurisdiction, or abuse of jurisdiction. *Schlesinger Petition,* 367

Pa. 476, 81 A. 2d 316 (1951). The writ of prohibition is not restricted to lower courts, but in addition it may issue against quasi-judicial administrative agencies. *Carpentertown Coal & Coke Co. v. Laird,* 360 Pa. 94, 61 A. 2d 426 (1948). For a detailed history of writs of prohibition *see Akron Borough v. Pennsylvania Public Utilities Commission,* 453 Pa. 554, 310 A. 2d 271 (1973); *see also* 11 Standard Pennsylvania Practice 319-26.

The Supreme Court has stated in *Bell Appeal,* 396 Pa. 592, 598, 152 A. 2d 731, 734 (1959): "The Superior Court derives all of its jurisdiction and powers from statute. [Citations omitted.] Hence, no right of appellate review exists in that court in any instance except it be *expressly* authorized by statute. Particularly significant is the fact that the Superior Court does not possess the powers of the Court of King's Bench. [Citations omitted.]" (Emphasis added.)

Although constitutionally created the Commonwealth Court possesses no constitutionally conferred jurisdiction or power and has only such jurisdiction as shall be provided by statutory law. Pa. Const. art. V, §4.

Since the Commonwealth Court derives its jurisdiction and powers only through statutes,[1] these statutes must "expressly" grant this Court the authority to issue a writ of prohibition. Absent such statutory authority the power does not exist.

The Commonwealth Court Act states in pertinent part: "The court shall have power to issue, under its judicial seal, every lawful writ and process necessary or suitable for the exercise of the jurisdiction given by this act. . . ." 17 P.S. §211.8(g).

The Commonwealth Court Act must be interpreted within the context of the Appellate Court Jurisdiction

---

[1] The Commonwealth Court Act, Act of January 6, 1970, P. L. (1969) 434, 17 P.S. §211.1 et seq., and the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, 17 P.S. §211.401.

Act of 1970 (ACJA), which provides with reference to the Supreme, Superior and Commonwealth Courts:

"The Supreme Court shall have original but not exclusive jurisdiction of:

". . . .

"(2) All cases of mandamus or prohibition to courts of inferior jurisdiction;

". . . ." 17 P.S. §211.201.

"The Superior Court shall have no original jurisdiction, except in actions of mandamus and prohibition to courts of inferior jurisdiction. . . ." 17 P.S. §211.301.

"(a) The Commonwealth Court shall have original jurisdiction of:

"(1) All civil actions or proceedings against the Commonwealth or any officer thereof, acting in his official capacity. . . .

". . . .

"(3) All civil actions or proceedings original jurisdiction of which is vested in the Commonwealth Court. . . .

". . . .

"(b) The jurisdiction of the Commonwealth Court under this section shall be exclusive except as provided in Section 201 of this act. . . ." 17 P.S. §211.401.

From the above quoted portions of the ACJA it is evident that the authority of the Supreme and Superior Courts to issue writs of prohibition is *expressly* granted by statute.

This Court recently stated in *Commonwealth ex rel. Specter v. Dennis,* 10 Pa. Commonwealth Pa. 439, 447-48, 308 A. 2d 915, 919 (1973), with regard to subsection (3) of Section 201 of the ACJA granting the Supreme Court jurisdiction of "[a]ll cases of quo warranto as to any officer of statewide jurisdiction" that: "Collins v. Gessler,[2] supra, implies that the Supreme Court's juris-

---

[2] 452 Pa. 471, 307 A. 2d 892 (1973).

diction in such quo warranto matters is not only *original*, but also *exclusive*, despite contrary language in both Sections 201 and 401, 17 P.S. §§211.201, 211.401, which was not discussed. Deferring to this decision, however, we must anticipate that this view of appellate jurisdiction would necessarily apply to subsection (2) of Section 201, as well as to subsection (3), thereby precluding our jurisdiction in the case at bar." (Emphasis in original.)

The language of the Commonwealth Court Act conferring upon this Court the power to issue "every lawful writ and process" does not *expressly*, as required by *Bell Appeal, supra,* confer upon this Court the power to issue writs of prohibition. Juxtaposing this provision of the Commonwealth Court Act with the sections of the ACJA that expressly confer such power on the Supreme and Superior Courts, one must conclude that had the Legislature intended this Court to have such power they would have so indicated in unequivocal language.

Therefore, this Court is without the power to issue writs of prohibition.

Accordingly, we enter the following

ORDER

Now, December 28, 1973, the petition for a writ of prohibition is dismissed.