Bethlehem Mines Corporation, Appellant, *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Appellee.

214

Argued March 6, 1974, before President Judge Bow-
man and Judges Crumlish, Jr., Kramer, Wilkinson,
Jr., Mencer, Rogers and Blatt.

*Henry McC. Ingram,* with him *Lawrence A. Demase,
Philip C. Wolf* and *Rose, Schmidt and Dixon,* for ap-
pellant.

*Marvin A. Fein,* Special Assistant Attorney General,
for appellee.

OPINION BY JUDGE WILKINSON, April 22, 1974:

The facts in this case are not in dispute. On March 21, 1972, the Department of Environmental Resources (DER) filed a complaint with the Environmental Hearing Board alleging that Bethlehem Mines Corporation had "willfully" permitted a discharge of coal fines from a settling pond into a nearby creek, thereby polluting the creek and violating provisions of The Clean Streams Law, Act of June 22, 1937, P. L. 1987, as amended, 35 P.S. §691.1 et seq. After an evidentiary hearing, the Board, on April 18, 1973, with an opinion containing extensive findings, conclusions, and discussion, and with a concurring opinion, dismissed DER's complaint. Upon a DER "petition for oral argument and/or rehearing and/or reconsideration," filed 19 days later[1] on May 7, 1973, the Board "granted in part" the request and agreed to reconsider its original adjudication following reargument before the Board, en banc. On July 13, 1973, Bethlehem Mines Corporation, appellant, filed a petition for a writ of prohibition in this Court which was dismissed on December 28, 1973. 11 Pa. Commonwealth Ct. 375, 313 A. 2d 790 (1973). While the prayer for the Writ of Prohibition was pending, appellant filed this appeal from the grant of the request for reargument to which appellees have filed a motion to quash.

The sole issue involved here is whether this appeal should be quashed as an appeal from an interlocutory order. The Board's order of May 29, 1973, granting the DER petition for reargument, was not a final order in the matter before the Board. The order, therefore, was interlocutory and this appeal must be quashed.

---

[1] In addition to arguing on the merits that the Board does not have authority to grant a reargument, appellant presents the point that, assuming the right to grant reargument, the Board's own rules require it be granted within 10 days.

Although this Court has not had to decide what actions by the Environmental Hearing Board[2] constitute final, appealable orders and what actions constitute interlocutory, nonappealable orders, we have decided that the granting of a rehearing by the Workmen's Compensation Appeal Board is an interlocutory order, *Besco v. General Woodcraft & Foundry*, 7 Pa. Commonwealth Ct. 32, 298 A. 2d 60 (1972). Although exceptions exist to this general rule, "an order of the [Workmen's Compensation Appeal] Board remanding a case to a referee for taking additional testimony is interlocutory." *Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board*, 11 Pa. Commonwealth Ct. 132, 133, 309 A. 2d 831, 832 (1973).

The basis for deciding that the granting of a remand is an interlocutory order is, as Judge BLATT noted in *Royal Pioneer Ind., Inc., supra*, at 134, 309 A. 2d at 832, that "the Board has not yet reached a final decision and a reviewing court should hesitate to act before the administrative process has been completed." This reasoning applies equally to the granting of reargument. The Board's order did nothing more than allow the parties to present their arguments before the Board en banc. The order was not an "adjudication" within the meaning of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, as amended, 71 P.S. §1710.1 et seq. Section 2 of the Administrative Agency Law, 71 P.S. §1710.2, states, in pertinent part: "(a) 'Adjudication' means any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities or obligations

---

[2] In *Sunbeam Coal Corporation v. Department of Environmental Resources*, 8 Pa. Commonwealth Ct. 622, 304 A. 2d 169 (1973), notices of violations given to coal operators by the Department of Environmental Resources were not considered "adjudications" or "actions" engendering review by administrative boards or courts of record.

of any or all of the parties to the proceeding in which the adjudication is made. . . ." The Board's order was not a final order or decree which determined the issues between the parties, and, therefore, must be considered an interlocutory order.

In deciding that the present appeal is from a non-appealable, interlocutory order, we expressly do not decide whether the Environmental Hearing Board has the power and authority to grant reargument. Appellant may, of course, raise this issue later, i.e., after the entry of the final order. As appellees noted in their brief: "All the Environmental Hearing Board granted to the appellee herein was a reargument. A final order would have been entered only after [re]argument and appellant could then have appealed from that order, if necessary, and argued that the Environmental Hearing Board erred in granting an oral [re]argument to the parties."

Accordingly, we enter the following

## ORDER

Now, April 22, 1974, appellee's motion to quash is hereby granted and the record is remanded to the Environmental Hearing Board.

---

DISSENTING OPINION BY JUDGE KRAMER:

I respectfully dissent. The basic premise on which the principle of due process of law is based is fairness. Fairness requires that the parties to a controversy under our adversary system know at what point in the proceeding the case is decided. Fairness requires that there be some point in the process of determining rights, duties and responsibilities when both the citizens and the governmental agencies understand that the issues have been resolved with some finality. It seems to this writer that the very purpose of the many rules and regulations promulgated either by the Legislature

or by regulatory agencies is to provide guidelines so that the parties know how and when a case is decided. We have witnessed in the last decade a strong movement towards the codification and standardization of time limits in appellate procedures, and a governmental attempt to alleviate confusion and arbitrary actions by regulatory agencies.

Today the majority has permitted the Environmental Hearing Board (Board) to grant a reconsideration long after the time limit (as set by a Board regulation) within which reargument may be granted.[1] In violation of its own rules the Board has permitted the reconsideration of this case which Bethlehem Mines Corporation (Bethlehem) had a right to believe had been finally determined. Furthermore, the Board failed to state the compelling and persuasive reasons required by its regulations as the basis for such reconsideration. In this case, the Board permitted the Department of Environmental Resources (DER) to file its petition nine days late and granted reconsideration 22 days later; but the majority apparently would have allowed the Board to grant reconsideration at any time. Whether the Board permits an improper reconsideration of its adjudication nine days late, or nine months late, it has committed a patent error of law. An erroneous order of reconsideration should be deemed to be a nullity and not be deemed to be enforceable as interlocutory.

The majority specifically states that it is not deciding whether the Board has the power and authority to grant reargument. This writer recognizes that the

---

[1] *See* Regulations of the Environmental Hearing Board, Title 25, Rules and Regulations, Part I, Sub-part A, Article III, Chapter 21, Section 21.32(g), 2 Pa. B. 932, which reads as follows: "The Board may at any time on its own notion [sic], or upon application of counsel, within ten (10) days after a decision has been rendered, grant reargument before the Board en banc. Such action will be taken only for compelling and persuasive reasons."

statute is silent on any specific power to grant reargument. However the statute does permit the Board to establish rules and regulations.[2] Once the Board establishes such a rule, as it did, providing for a ten-day limitation, the parties to the case should be bound by that rule. While I fully recognize the principle that an adjudicator cannot waive a statutory time limitation but may waive its regulatory rules, there must be something on the record to indicate an extraordinary reason for the waiving of such rule. There is nothing in the record of this case which would indicate anything extraordinary other than the fact that DER believes the result of the Board's adjudication is unfavorable to DER.

The majority cites *Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 132, 134, 309 A. 2d 831, 832 (1973), for the proposition that "a reviewing court should hesitate to act before the administrative process has been completed." I agree with that position; however, I believe that in this case the administrative process was completed when the Board issued its adjudication on April 18, 1973. The permitted reopening of this case by the Board, from my point of view, was an error of law, especially without a showing in the record of a compelling and persuasive reason. Having come to the conclusion that the Board's adjudication was final, it makes no sense to this writer to put Bethlehem through all of the time and expense of what could be a long proceeding, the result of which is to give DER the benefit of hindsight, and to permit it to bolster its position a second time merely because the original result was unfavorable. Insofar as procedural rules are concerned, DER is in no different position than any citizen before

---

[2] *See* Administrative Code of 1929, April 9, P. L. 177, Art. XIX-A, §1921-A, Added 1970, December 3, P. L. 834, §20, 71 P.S. §510-21.

the Board; it should not be restricted to lesser rights and it should not be granted more rights. When DER failed to timely present a petition for reargument, it lost that right unless it could show some extraordinary reason which would permit the Board to reconsider its adjudication in the interest of justice. In a recent case, *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A. 2d 165 (1973), we held that a regulatory agency could not change its adjudication without following all of the procedural rules applicable, including time limitations, and without providing all of the elements of due process of law.

In summary, I would determine that the adjudication of the Board was a final order, and that in reopening the case, the Board committed an error of law. Therefore, I would deny the motion to quash.          ,