Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* William Holley, Appellant.

Argued January 8, 1976, before Judges KRAMER, WIL-
KINSON, JR., and MENCER, sitting as a panel of three.

*Thomas J. Innes, III*, with him *David T. Rammler*, for
appellant.

*Daniel R. Schuckers*, Assistant Attorney General, with
him *Sydney Reuben*, Assistant Attorney General, and
*Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE KRAMER, March 12, 1976:

This is an appeal by William Holley from an order
of the Unemployment Compensation Board of Review
dated March 6, 1975, which reversed a referee's award
of benefits. Holley raises two issues concerning (1) the
Board's conclusion that he is guilty of willful miscon-
duct, and (2) the propriety of the Board's acting on the
employer's request for reconsideration of its decision
without notifying him of the existence of the request.
We find no error and affirm the Board.

Holley was employed by Metalstand Company for ten
years. Because he was involved in an automobile accident
over the preceding weekend, Holley called Metalstand on
March 25, 1974, and informed the company that he would
be off sick. On March 26 and March 27, 1974, Holley
again called with the same message. On March 29, 1974,

he called and informed the personnel department of the accident and resulting illness and he requested that his paycheck be sent to his home. Holley made no further effort to communicate with Metalstand, and, on April 4, 1974, he received a telegram from Metalstand which informed him that his employment had been terminated for failure to contact the company during a three-day absence.

The Bureau of Employment Security denied benefits on the basis of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), which renders ineligible claimants who are discharged for willful misconduct. On June 13, 1974, a referee reversed the Bureau's determination. An appeal to the Board resulted in an affirmance of the referee on August 23, 1974.

Thereafter Metalstand requested reconsideration of the Board's order. Without notifying Holley or his counsel of this request, the Board, on September 25, 1974, vacated its prior order, declared the case "reopened," and directed that further evidence be taken by a referee acting as hearing officer for the Board. Notice of this new hearing was given to Holley and evidence was taken. On March 5, 1975, the Board issued a new adjudication denying benefits on the basis of Section 402(e). Holley now appeals to this Court.

Our scope of review is limited to determining questions of law, and, absent fraud, whether the Board's findings are supported by the evidence. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

Holley first questions whether the findings of the Board support a conclusion of willful misconduct. Specifically, Holley argues that Metalstand's rule relating to absenteeism is vague and that he complied with a

reasonable interpretation of its requirements. Both the rule and Holley's understanding of it are revealed by the following passage from the record:

"MR. DEGER: Yes, I'll read it [the shop rule] if someone would give it back to me. *Were you aware that absences of three consecutive working days without proper notification . . . notifying the company would result in your discharge?*

"CLAIMANT: *Yes.*

"MR. DEGER TO CLAIMANT:

Q. You were?

A. *If I'm absent three days in a row without , calling in, I'm automatically discharged.*" (Emphasis added.)

Despite the fact that the record does reveal some confusion concerning the manner in which Metalstand applied this policy, we have no doubt that the record supports the Board's finding that Holley was aware of the policy which was, in fact, applied in his case.

Holley suggests that it is unreasonable to require that he call in each day when he knew that because of hospitalization he would be unable to work for an extended period of time. We would agree if Holley had informed Metalstand of the extended nature of his illness, but the Board found, contrary to Holley's assertions, that the March 29, 1974, telephone call *only* communicated the facts that he was ill and had suffered an accident. This finding is also supported by the evidence, including Holley's own testimony that he could not remember if he communicated the "details" of his illness to Metalstand.

Holley's second argument involves the Board's procedure in vacating its original award of benefits. Holley maintains that the Board was obligated to give him an opportunity to oppose the request for reconsideration before it was acted upon. As authority he cites Section 31 of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.31, and the

due process clause of the Fourteenth Amendment of the Constitution of the United States.

We agree with the Board that an attempt to appeal the order for an additional hearing would have been interlocutory. 34 Pa. Code §101.112 (a) provides as follows:

"(a)  An order of the Board disallowing a further appeal from the decision of a referee, or the decision of the Board where an appeal is allowed, shall become final ten days after the date of such decision."

See also Section 509 of the Act, 43 P.S. §829. See Bethlehem Mines Corporation v. Department of Environmental Resources, 13 Pa. Commonwealth Ct. 213, 318 A.2d 373 (1974) ; Wilder v. Jones & Laughlin Steel Corporation, 8 Pa. Commonwealth Ct. 505, 303 A.2d 537 (1973) ; and Besco v. General Woodcraft & Foundry, 7 Pa. Commonwealth Ct. 32, 198 A.2d 60 (1972). Consequently, Holley's claim under the Administrative Agency Law is without merit. The Administrative Agency Law only guarantees the opportunity to be heard prior to an "adjudication," which is defined as a "final order, decree, decision, determination or ruling" by Section 1 of the Law, 71 P.S. §1710.2. (Emphasis added.)

None of the cases relied upon by Holley deal with the narrow question of whether a party has a constitutional right to an opportunity to oppose a reconsideration request.[1] All that these cases establish is that the Board may not vacate an order on its own motion, absent a request for reconsideration or the granting of an opportunity to be heard—the latter having been afforded Holley at the new hearing.[2]

---

1.  See Kentucky Fried Chicken, supra; Sable Unemployment Compensation Case, 197 Pa. Superior Ct. 177, 177 A.2d 115 (1962) ; and West Penn Power Company v. Pennsylvania Public Utility Commission, 174 Pa. Superior Ct. 123, 100 A.2d 110 (1953).

2.  We note our observation in Besco, supra, that if a party questions the propriety of an interlocutory order granting a rehear-

We find no error in the procedure followed by the Board, and accordingly, we

## ORDER

AND NOW, this 12th day of March, 1976, the order of the Unemployment Compensation Board of Review, dated March 6, 1975, in the above-captioned matter is affirmed.

---

ing an issue may be raised in this respect *after* a final order has been entered in the proceedings. In the instant case Holley only asserts a right to oppose the reconsideration request, and he does not explain the ground upon which that opposition would have been based.