Joseph Nyzio *v.* Lee Tire & Rubber Co. Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Joseph Nyzio, Appellant.

Argued September 10, 1976, before Judges CRUM-LISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Joel D. Beaver*, with him *Daniel Sherman*, for appellant.

*Sandra S. Christianson*, Assistant Attorney General, with her, *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 19, 1976:

Joseph Nyzio (Claimant) has appealed an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's decision denying him benefits.

Claimant was last employed by Lee Tire & Rubber Company for approximately 8 1/2 years. His last day of work was January 24, 1975. On that date he was discharged for excessive absenteeism, lateness in reporting for work, and abuse of lunch periods. The referee found as a fact that Claimant had been given

numerous warnings, verbal and written, and had been suspended several times. On the occasion of his last suspension, he was warned that if he committed any infractions of the attendance rules on a number of days exceeding 10% of his scheduled work days, in any month, he would be dismissed.

During the month of January, 1975, Claimant was scheduled for 17 days of work and was late on two days. Since two days exceeded 10% of 17 days, Claimant was discharged.

The referee found that Claimant was dismissed for wilful misconduct and therefore ineligible for benefits under Section 402(e) of the Unemployment Compensation Law[1] (Act). The Board affirmed.

Wilful misconduct which disqualifies a discharged employe from receiving benefits has been defined as the wanton or wilful disregard of the employer's interest; a deliberate violation of rules, a disregard of behavior standards which an employer can reasonably expect or negligence such as to manifest culpability, wrongful intent or evil design or show an intentional and substantial disregard of the employer's interests or the employe's duties. *Unemployment Compensation Board of Review v. Walton,* 21 Pa. Commonwealth Ct. 47, 343 A.2d 70 (1975).

Although we accept the factual findings of the referee as true if supported by substantial evidence, the question of whether the employe's actions which led to his dismissal rises to the level of wilful misconduct is one of law and, therefore, subject to our review. *O'Keefe v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975).

---

[1] Act of December 15, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

In this case, the referee's findings that Claimant had received numerous prior warnings and suspensions are supported by substantial evidence. Where, as here, the employer, after numerous prior warnings, establishes criteria for dismissal upon failure to meet specified attendance quotas, and where the employe fails to meet the quota due to his tardiness or unexcused absence, then such failure constitutes "wilful misconduct" within the meaning of the Act and benefits were properly denied. *Cf. Collins v. Unemployment Compensation Board of Review*, 25 Pa. Commonwealth Ct. 538, 360 A.2d 760 (1976).

Accordingly, we

### ORDER

AND Now, this 19th day of October, 1976, the order of the Unemployment Compensation Board of Review is affirmed and the appeal is dismissed.