Henry Powell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 10, 1977, before Judges Crumlish, Jr., Kramer and Blatt, sitting as a panel of three. Judge Kramer did not participate in the decision.

*Bernard A. Podcasy*, with him *James D. Morris*, for petitioner.

*Susan Shinkman*, Assistant Attorney General, with her *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for respondent.

Opinion by Judge Blatt, September 7, 1977:

This is an appeal by Henry Powell (Powell) from an order of the Unemployment Compensation Board

of Review (Board) dated August 5, 1976, which affirmed a referee's determination that Powell had been properly discharged for willful misconduct and was, therefore, ineligible for benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. 2897 (1937), *as amended,* 43 P.S. §802(e).

Prior to his discharge on December 26, 1976, Powell was employed by Milkanin Security and had been employed by them for a continuous period of seven months. Powell was paid at the rate of $2.10 per hour. He was discharged because he failed to report to his employer that he would be unable to work on the 26th of December because of illness. Powell testified before the referee that he had attempted to contact fellow employees on duty approximately one half hour before he was to begin work, but that the employees were not present on the job. Powell indicated that one of his fellow employees did reach him at approximately 7:15 on the morning of December 26, and that his wife informed the employee that Powell was ill and would not report for work on that particular day.

We believe that it is essential to discuss the nature of the job which Powell performed for his employer for we feel this is significant to the determination of this particular appeal.

Mr. Powell worked with Milkanin Security at the local airport. His job was to screen the boarding passengers. The uncontroverted testimony of the employer indicated that Powell's job was an essential one to the movement of the passengers boarding the airplanes under F.A.A. rulings and regulations. In addition to discussing the importance of Powell's job, the employer indicated that Powell knew that he had to contact his employer at the employer's place of business or at his home if he wanted to leave the job

site for any reason. The employer indicated that Powell, on previous occasions, had contacted him either at work or at home by telephone and that Powell had then received permission to leave his post for a short period of time.

The record clearly shows that Powell's job was crucial for the orderly transition of passengers onto waiting airplanes. Further, Powell had reached his employer on various occasions by telephone to ask about leaving his post. The record also reveals that this was the first occasion on which Powell was absent from work without prior notification to the employer.

The Board's adjudication concluded that Powell was guilty of willful misconduct by reason of his unexcused absence of December 26, 1976. On numerous occasions this Court has defined "willful misconduct" as the willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has the right to expect of his employees, or negligence which manifests culpability, wrongful intent, or evil design which shows an intentional and substantial disregard of the employer's interests or the employee's duties and obligations to the employer. *Thompson v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 591, 368 A.2d 1386 (1977).

We are cognizant of Powell's fine work record during his seven month period of employment with Milkanin Security. However, a single act of misconduct, including absenteeism, if sufficiently serious, will justify a denial of benefits. *Beville v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 371, 373, 327 A.2d 197, 198 (1974). In the instant case, Powell was well aware of the necessity to contact his employer to receive permission to leave his place of employment. Powell's prior course of con-

duct in contacting his employer is an indication that he was well aware of the sensitivity of his job, and he knew that without his presence the passengers could not legally board their aircraft. It was definitely his responsibility to assist in the screening of these passengers.

While the testimony does not establish a specific rule regarding the reporting of absences, the continuing course of conduct of the parties clearly reveals the practice that was to be followed. Here, Powell failed to notify his employer, and we find that the failure to notify his employer of his impending absence was a material breach of his responsibilities. It was a negligent act of omission which exhibited an intentional disregard of the employer's interests and of the employee's duties and obligations to the employer.

We are in accord with the Board's finding that Powell's failure to notify the employer of his intention not to report to work was willful misconduct as envisioned under the Act and, therefore, renders Powell ineligible for unemployment compensation benefits.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).

ORDER

AND Now, this 7th day of September, 1977, the order of the Unemployment Compensation Board of Review denying benefits to Henry Powell is hereby affirmed.