Aaron K. Williams, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

642

Argued September 16, 1977, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*Harry Cohen,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, December 14, 1977:

This is an appeal by Aaron K. Williams (claimant) from an order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's determination that he had been properly discharged for willful misconduct and was, therefore, ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Act).[1]

Prior to his discharge, the claimant had been employed as a ship fitter by Sun Ship Building and Dry Dock Company (employer) for eleven months. The applicable collective bargaining agreement provided that an employee absent for seven days must notify the employer of his absence every seventh day in writing and that an employee absent for fifteen days without such notification will be discharged. The referee found that the claimant had injured his wrist at work, that he was sent to the company dispensary where he was treated and instructed to report to his private physician, and that he reported to the employer his physician's recommendation that he remain off work for two weeks. As to the notice given, the claimant testified before the referee that he had telephoned a Miss Hite, the employer's insurance representative, so as to inform the employer that he would be absent

---

[1] Act of Dec. 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

for two weeks under the advice of his doctor, and that she had merely told him to bring a doctor's slip when he returned to work. The employer's representative testified, however, that Miss Hite was trained to remind employees of the requirement to provide the company with a written certificate every seven days, and also that the orientation training given to all employees emphasized the seven-day notice requirement and the fifteen-day automatic termination of employment when notice is not given as required. Here, although the claimant said that he had reported to the employer and although he testified that he was unaware of the written notice requirement, the Board accepted the employer's testimony on the issue and concluded that, by violating the employer's regulations and the provisions of the union contract, the claimant was guilty of willful misconduct.

The record here reveals no history of prior absences by the claimant without authorization or without conformity to company rules, but it does contain unrefuted testimony that the claimant had been previously absent from work because of an injury for a period of nearly four months and that he was never then required to fill out any report for his employer except periodic disability insurance forms. The claimant argues that, because he had no knowledge of the seven-day written notice rule, because he had not been required to follow it previously, because there had been no prior warning of threatened discharge, and because the employer had notice of the reasons and circumstances of his absence, this technical violation of the rule in failing to submit a written notice as to his last absence cannot be characterized as willful misconduct. The issue, therefore, is whether or not this single incident of claimant's failure to report his absence in the manner prescribed by the collective bargaining agreement rises to the level of willful miscon-

duct within the purview of Section 402(e) of the Act. It is not, we would emphasize, whether or not the employer had the right to discharge the claimant for the questioned conduct, but rather whether or not the Commonwealth is justified in reinforcing that decision by denying benefits under this Act for the conduct in question. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 86, 351 A.2d 631, 634 (1976); *Unemployment Compensation Board of Review v. Bacon,* 25 Pa. Commonwealth Ct. 583, 586, 361 A.2d 505, 507 (1976).

Section 510 of the Act, 43 P.S. §830, provides that this Court's scope of review in unemployment compensation appeals is confined to questions of law and, absent fraud, to a determination of whether or not the findings of fact are supported by the evidence. Whether or not actions of an employee constitute willful misconduct so as to render him ineligible for unemployment compensation benefits following his discharge from employment is a question of law subject to judicial review. *Nyzio v. Lee Tire & Rubber Co.,* 26 Pa. Commonwealth Ct. 600, 364 A.2d 981 (1976). And, while the term "willful misconduct" is not defined in the Act, this Court in numerous decisions has defined it as follows:

> An act of *wanton* or *willful* disregard of the employer's interest, a *deliberate* violation of the employer's rules, a *disregard* of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest *culpability, wrongful intent,* or *evil design,* or show an *intentional* and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

*Unemployment Compensation Board of Review v. Bacon, supra,* 25 Pa. Commonwealth Ct. at 585, 361 A.2d

at 507 (1976) (emphasis in original); *MacFarlane v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 550, 552, 317 A.2d 324, 325-26 (1974) (emphasis in original); *see also Kentucky Fried Chicken of Altoona v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

Recently this Court in *Bacon, supra,* a case similar to the instant claim, held that a claimant's actions did not constitute willful misconduct where the employer's rules provided that employees absent for one week or more without satisfactory reason would be released immediately and the claimant had informed the employer he would be absent for a couple of days due to sickness but did not return to work until after an absence of more than three weeks without further notice. He testified that he was prepared to provide a satisfactory reason for his entire absence. We concluded that the claimant's conduct, while not praiseworthy, failed to demonstrate willful misconduct which includes an element of a consciousness of wrongdoing on the part of the employee. We explained, as in *MacFarlane, supra,* that an employee is guilty of willful misconduct only when he is, or under the circumstances should be, conscious that his actions are inimical to the interests of his employer. In *Bacon, supra,* the employer's rule did not indicate when notice was to be given or how it was to be given, while in the case at hand the employer's rule specifically required written notice every seven days. We believe, however, that the claimant here, in his single failure to report his absence in the manner prescribed, like *Bacon,* was not guilty of willful misconduct either. The cases wherein a single incident was held to constitute willful misconduct indicate that this determination has been made only where the single incident was "sufficiently serious" to justify that finding, as, for

example, when there were unauthorized deliveries and misrepresentations,[2] when company property was diverted from the designated destination to a private garage,[3] when a well-known company procedure regarding removal of old appliances was violated and money received for the said removal was not turned in,[4] when a solicitor refused to disclose the identity of a prospective customer in a bad-faith attempt to extract additional remuneration,[5] and when another employee was assaulted.[6] On the other hand, single-incident cases which have been viewed by this Court as being minor, casual or insignificant so as not to constitute willful misconduct have included failure to attend a meeting,[7] failure to maintain indoor confinement while on sick leave[8] and being negligent or careless in reclining in the company truck during working hours.[9]

Specifically, as to the claimant's failure to report his absence in the manner prescribed, we have previously held that, when there have been prior warnings, absenteeism joined by a failure to notify the employer generally does constitute willful misconduct under the

---

[2] *Unemployment Compensation Board of Review v. Atlantic Richfield Co.*, 22 Pa. Commonwealth Ct. 511, 349 A.2d 496 (1975).

[3] *Food Fair Stores, Inc. v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 535, 314 A.2d 528 (1974).

[4] *Meneely v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 613, 369 A.2d 506 (1977).

[5] *Smith v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 98, 367 A.2d 811 (1977).

[6] *Beville v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 371, 327 A.2d 197 (1974).

[7] *Loder v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 484, 296 A.2d 297 (1972).

[8] *Warminster Fiberglass Co. v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 385, 327 A.2d 219 (1974).

[9] *Coulter v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 462, 332 A.2d 876 (1975).

Act.[10] However, we have also held that, although neither the existence of prior absences[11] nor a prior history of unexcused absences is necessary,[12] absenteeism by itself generally will not constitute willful misconduct.[13] Only in cases where the claimant admitted that he had actual knowledge of the relevant rule and

[10] See, e.g., Holtzman v. Unemployment Compensation Board of Review, 29 Pa. Commonwealth Ct. 525, 372 A.2d 31 (1977) (prior warnings about unauthorized absence); Gardner v. Unemployment Compensation Board of Review, 29 Pa. Commonwealth Ct. 548, 372 A.2d 38 (1977) (prior absenteeism, lateness and prior warnings); Unemployment Compensation Board of Review v. Leonhart, 24 Pa. Commonwealth Ct. 196, 353 A.2d 925 (1976) (failure to respond to employer's letter); Unemployment Compensation Board of Review v. Rodriguez, 22 Pa. Commonwealth Ct. 586, 349 A.2d 915 (1976) (prior warnings about being absent without prior notification); Ralston v. Unemployment Compensation Board of Review, 18 Pa. Commonwealth Ct. 378, 336 A.2d 654 (1975) (prior warnings); Unemployment Compensation Board of Review v. Kells, 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975) (pattern of absenteeism); Peluso v. Unemployment Compensation Board of Review, 12 Pa. Commonwealth Ct. 250, 315 A.2d 340 (1974) (warned about absences); Ferko v. Unemployment Compensation Board of Review, 9 Pa. Commonwealth Ct. 597, 309 A.2d 72 (1973) (prior warnings); see also Unemployment Compensation Board of Review v. Blouse, 23 Pa. Commonwealth Ct. 66, 350 A.2d 220 (1976).

[11] Mentz v. Unemployment Compensation Board of Review, 29 Pa. Commonwealth Ct. 287, 370 A.2d 1232 (1977); Peluso, supra; Hinkle v. Unemployment Compensation Board of Review, 9 Pa. Commonwealth Ct. 512, 308 A.2d 173 (1973).

[12] Powell v. Unemployment Compensation Board of Review, 31 Pa. Commonwealth Ct. 512, 377 A.2d 206 (1977); Leonhart, supra; Unemployment Compensation Board of Review v. Holley, 24 Pa. Commonwealth Ct. 16, 353 A.2d 905 (1976).

[13] Unemployment Compensation Board of Review v. Bacon, 25 Pa. Commonwealth Ct. 583, 361 A.2d 505 (1976) (no prior warning); Blouse, supra (no prior warnings); Rosenhoover v. Unemployment Compensation Board of Review, 8 Pa. Commonwealth Ct. 455, 303 A.2d 578 (1973) (no prior warnings); Crib Diaper Service v. Unemployment Compensation Board of Review, supra.

of the consequence of failing to abide thereby,[14] and in other exceptional circumstances, have we concluded that, despite a good attendance record and no prior warnings,[15] a single incident of failure to report an absence in the manner prescribed constitutes willful misconduct. Here, where we are concerned with a single incident of the claimant's failure to report his absence in the manner prescribed, where the employer had some sort of notice of his absence, and there was neither any prior history of unexcused absences nor any evidence of prior warning or other "exceptional circumstances," we do not believe that there is evidence to support a finding of willful misconduct.

A review of the case law relating to the underlying theory and purposes of the Act further compels our belief that this claimant was not guilty of willful misconduct. Our Supreme Court in *Frumento, supra,* remarked that paramount in the analysis of the Act is the realization that it was intended to be remedial and that, therefore, it should be liberally construed so as to achieve its express purposes, stating:

> The legislative intention could not be achieved if we were to accept a view that would fail to look beyond the fact that an employee in a single instance had acted in a manner contrary to the express direction of the employer.

466 Pa. at 86, 351 A.2d at 634.

The Court in *Frumento, supra,* also cited with approval the opinion of our Superior Court in *Morgan*

---

[14] *Powell, supra; Holley, supra; DiAmico v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 286, 310 A.2d 433 (1973).

[15] In *Powell, supra,* the employee's job was crucial to the point that he was aware that notification of his employer of his impending absence was critical as he knew that without his presence the passengers could not legally board the aircraft.

*v. Unemployment Compensation Board of Review,* 176. Pa. Superior Ct. 297, 106 A.2d 618 (1954), stating:

[a] single instance of misconduct is usually not such as to bring an employe[e] within the purview of §402(e). 466 Pa. at 88, 351 A.2d at 635.

The rationale applied was that the employee's reason for noncompliance should be balanced against the reasonableness of the employer's rule or request in light of all the circumstances, keeping in mind the persuasive reasoning behind the concept of "good cause" as developed by the Superior Court in *Crib Diaper Service v. Unemployment Compensation Board of Review,* 174 Pa. Superior Ct. 71, 98 A.2d 490 (1953). Hence, where the action of the employee is justifiable or reasonable under the circumstances, it cannot be considered willful misconduct because it cannot properly be charged as a willful disregard of the employer's intent or rules or of the standard of conduct which the employer has a right to expect.

It should be reiterated that an employer, to defeat payment of unemployment compensation benefits, has the burden of proving that the discharged employee deliberately violated the employer's rules or disregarded standards of behavior which the employer had a right to expect of his employee. *Unemployment Compensation Board of Review v. Grossman,* 22 Pa. Commonwealth Ct. 550, 349 A.2d 779 (1976). Under the circumstances of the instant claim, we do not believe that the employer has met this burden and we are satisfied that, in applying the rationale of the Supreme Court in *Frumento, supra,* the claimant's reason for technical noncompliance with the written rule in the collective bargaining agreement was reasonable and this single incident is not sufficiently serious to constitute willful misconduct under the Act.

We therefore reverse the order of the Unemployment Compensation Board of Review and remand this matter to the Board for computation of benefits.

## ORDER

AND Now, this 14th day of December, 1977, the order of the Unemployment Compensation Board of Review denying benefits to Aaron K. Williams is hereby reversed and the record is remanded to the Board for computation of benefits.