Lorraine A. Marositz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 7, 1980, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Joel M. Scheer,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., June 30, 1980:

The petitioner, Lorraine A. Marositz (Claimant), appeals from an order of the Unemployment Compen-

sation Board of Review (Board) denying her unemployment benefits.[1] The Board affirmed the referee's determination that the Claimant was discharged for behavior constituting "willful misconduct" and thus ineligible for benefits by force of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

On March 13, 1978 the Claimant was discharged from her employment at the St. Regis Paper Company. The Board found that she was discharged for "failure to agree to cooperate with her supervisor". The only evidence of why the Claimant was discharged was her failure to respond to a certain question put to her by the employer in a meeting on the day she was fired. The question was: "Will you change your cooperation, work in harmony with the rest of the people in the department and follow the instructions of your supervisor."

In that meeting the same question was put to the Claimant five times; and she never answered it affirmatively or negatively. According to the employer's witness, the Claimant was told that if she did not answer the question she would be terminated. This same witness stated that the outcome of the meeting was the Claimant's termination, and that the reason for her discharge was her failure to answer the question.

The question put to the Claimant was a two-edged sword, one that she could not answer safely one way or the other. The question was akin to asking a person, "will you stop beating your wife?" To answer in

---

[1] This case was previously before this Court on an appeal by the present petitioner, at No. 2136 C.D. 1978. On January 29, 1979 this Court remanded the case to the Board for further testimony and reconsideration of its decision.

the affirmative is to admit the conduct; to answer in the negative is to promise the conduct.

Furthermore, the week before the Claimant's final meeting with her employer she had been given a disciplinary lay-off on contested charges of not cooperating. Therefore, if she answered the question "yes" it would admit the previous charges; and if she said "no" it would be a promise of future non-cooperation. In sum, the question can be called a trap.

Where the action of an employee is justifiable or reasonable under the circumstances, it cannot be considered "willful misconduct". *Williams v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 641, 380 A.2d 932 (1977). It is our conclusion that the instant Claimant's refusal to answer the question, under the circumstances of this case, was justifiable. Indeed, to answer such a question was not an act the employer had a right to expect.

For the reasons set forth, the order of the Board denying benefits to the Claimant is reversed.

ORDER

AND Now, the 30th day of June, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-163066-B, dated April 30, 1979, denying benefits to the above petitioner, is reversed.