Thomas J. Rossi, Jr., Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1981, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Ronald David Ashby,* for petitioner.

*Karen Durkin,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 8, 1981:

Thomas J. Rossi, Jr., has appealed from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision denying Rossi unemployment compensation benefits on the ground of willful misconduct. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

The facts are not disputed. Rossi was employed by the Sun Shipbuilding and Dry Dock Company (Sun Ship) as a marine rigger. Rossi's last day of actual work was January 3, 1979. On January 4, 1979, a work stoppage occurred at Sun Ship and continued until February 8, 1979. When the work stoppage ended, Rossi notified Sun Ship that he had broken his arm in the interim and would not be able to report back to work. Sun Ship reminded Rossi that the appropriate collective bargaining agreement required Rossi to inform Sun Ship weekly of his condition and of his future intentions. The collective bargaining agreement also provided that a failure to keep Sun Ship so informed during an absence of fifteen or more consecutive days would result in an employee's discharge.

From February 9, 1979, until February 27, 1979, Rossi failed to inform Sun Ship of his condition as required. Sun Ship nevertheless informed Rossi that, because of the confusion surrounding the return of workers following the work stoppage, Rossi's failure

to provide the information during the period February 9 to February 27 would be excused. At the same time, however, Sun Ship warned Rossi that it expected him to comply with the requirement from February 28, 1979, until his return to work.

From February 28 until March 13, 1979, Rossi did inform Sun Ship weekly of his physical condition and of his future intentions. However, from March 14 through March 29, Rossi provided Sun Ship with no information at all. Rossi was discharged by Sun Ship for being absent for fifteen consecutive days without providing the requisite weekly information.

Rossi's application for unemployment compensation benefits was denied by the Office of Employment Security on the ground of willful misconduct. This decision was affirmed by a referee after a hearing. Upon appeal by Rossi, the Board, after making minor modifications of the referee's findings of fact, affirmed the referee's decision.

Rossi first contends that the Board erred as a matter of law in concluding that Rossi was guilty of willful misconduct for a violation of the reporting requirement because Sun Ship waived compliance when on February 27, 1979, it caused Rossi to be told that he would not be discharged for his past violation. We disagree. The effect of a waiver of a contract provision may be made retrospective only by the waiving party's giving notice to the other party that future compliance with the contract provision will be required. 3A Corbin on Contracts §764. Here Rossi testified that Sun Ship told him that it was waiving the requirement only as to Rossi's failure to provide notice from February 9 through February 27, 1979, and that it expected him to comply with the notice requirement from February 28, 1979, until his return to work. Further, Rossi in fact did provide weekly notice to Sun Ship from February 28, through March 13, 1979.

These facts made the waiver retrospective only. The requirement was clearly in effect from February 28, 1979, and Rossi's failure to comply from March 14 through March 29, 1979, was a violation which constituted willful misconduct. *Maxwell v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 604, 423 A.2d 430 (1980).

Rossi also contends that because his failure to inform Sun Ship during the period of March 14 through March 29, 1979, was his only violation of the collective bargaining agreement's notice provision, it should not be deemed to be willful misconduct sufficient to render him ineligible for unemployment compensation benefits. *See, e.g., Williams v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 641, 380 A.2d 932 (1977). It is true that in some circumstances a single instance of misconduct will not be sufficient to constitute willful misconduct. *See, e.g., Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976); *Williams, supra*. However, where, as here, the claimant admits that he had actual knowledge of the requirement and the consequences of failure, a single failure constitutes willful misconduct, notwithstanding an otherwise good attendance record. *Williams, supra* at 648-49, 380 A.2d at 935-36; *DiAmico v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 286, 310 A.2d 433 (1973).[1] Moreover, in order to excuse a

---

[1] *Williams* was a case involving the same employer, Sun Ship, and the same absentee provision. We held in *Williams* that the claimant's single violation of the notice requirement, did not amount to willful misconduct. Two facts, however, distinguish *Williams* from this case. First, in *Williams* Sun Ship had not enforced the notice requirement during a prior four month absence by the claimant, nor had Sun Ship subsequently informed the claimant that it would expect compliance with the notice requirement in the future. Second, the claimant in *Williams* testified that he was unaware of the notice requirement.

362

claimant's single instance of misconduct, it must be determined that the claimant's actions were justifiable or reasonable under the circumstances. *Williams, supra.*[2] Rossi testified that from March 14 through March 29, 1979, he had expected his treating physician to supply the weekly notice to Sun Ship. Not only did the Board not credit this testimony, but the asserted cause is not an adequate excuse.

Order affirmed.

### ORDER

AND Now, this 8th day of April, 1981, the order of the Unemployment Compensation Board of Review, dated September 25, 1979, affirming the decision of a referee denying unemployment compensation benefits to Thomas J. Rossi, Jr., is affirmed.

Judge WILKINSON did not participate in the decision in this case.

---

[2] A single instance of misconduct may also be excused if the claimant's actions were minor, casual or insignificant. *Williams, supra* at 647, 380 A.2d at 935.