Charles F. Bender, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 6, 1981, before Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*Judith L. Jones,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 9, 1981:

Charles F. Bender (claimant) has appealed from an order of the Unemployment Board of Review (Board) upholding the denial by a referee of unemployment compensation benefits. We affirm.

The claimant was last employed by Northampton County Area Community College as a custodian. On July 3, 1979, the claimant, uninvited, approached a woman student,[1] the only other person in a room at the College, placed his hands over her shoulders and locked his fingers behind her neck. He released her only when another person entered the room. The woman student became emotionally upset and reported the incident to the claimant's supervisor the next working day, July 5, 1979. The claimant was discharged the same day on the grounds of harassment of students.

The claimant applied for unemployment compensation benefits, which were denied by the Bureau of Employment Security on the ground of willful misconduct. *See* Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Upon appeal by the claimant, a referee's hearing was held. Only the College adduced evidence at this hearing. The referee, after finding as fact that the claimant did phys-

---

[1] The woman student was also a part-time employee of the College.

ically assault the student as alleged and that the claimant was aware of the personnel policies governing custodial employees, concluded that harassment had not been proven, but that the claimant was guilty of willful misconduct—that is, the violation of a standard of behavior which the College had a right to expect and denied benefits. The Board, without taking additional evidence, affirmed the referee's decision.

The claimant first contends that the College did not prove the existence of a rule against physical contact with women students and thus did not carry its burden of proving willful misconduct. We do not agree. The College's representative testified that he warned the claimant at the time of his hiring that he was to keep away from women students and that his failure to do so would result in his immediate dismissal.[2] The claimant was clearly aware that his actions on July 3, 1979, were in violation or disregard of the standard of behavior expected of him. The referee properly concluded that the claimant was guilty of willful misconduct. *See, e.g., Nyzio v. Lee Tire & Rubber Co.,* 26 Pa. Commonwealth Ct. 600, 364 A.2d 981 (1976).

The claimant next contends that his actions cannot be deemed to be "immoral or indecent conduct" as that phrase is used in the section of the College's personnel policy handbook delineating the grounds for the dismissal of custodial employees. We need not decide this question because here "the issue is not whether the employer has the right to discharge for the questioned conduct of the employee, but rather whether the State is justified in reinforcing that decision by denying benefits under this Act for the complained of conduct." *Frumento v. Unemployment Compensa-*

---

[2] The record reveals that the College gave the claimant a special warning to keep away from women students because he had been discharged from a previous employment for failing to do so.

*tion Board of Review,* 466 Pa. 81, 86, 351 A.2d 631, 634 (1976).

Finally, the claimant contends that his single instance of violating the College's prohibition against contact with women students does not amount to willful misconduct. It may, it is true, be concluded that a single instance of misconduct does not constitute willful misconduct. *See, e.g., Frumento, supra.* To reach this result, however, it must be determined that the action of the employee is justifiable or reasonable in the circumstances (*Williams v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 641, 650, 380 A.2d 932, 936 (1977)[3]), a decision reached by balancing the employee's reason for his action against the reasonableness of the employer's rule in light of all the circumstances. *Id.* This claimant has offered no justification for his conduct much less one which could outweigh the College's interest in protecting the women on its campus.

Order affirmed.

### Order

And Now, this 9th day of April, 1981, the order of the Unemployment Compensation Board of Review, dated November 19, 1979, affirming the referee's decision denying unemployment compensation benefits to Charles F. Bender, is affirmed.

Judge Wilkinson did not participate in the decision in this case.

---

[3] A single instance of misconduct may also be excused if the claimant's actions were minor, casual or insignificant. *Williams, supra* at 647, 380 A.2d at 935.